# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE LAYNE MCCLELLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MACK WIMBISH, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-00448-LJO-NEW (DLB) PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 9) |

    Plaintiff Rickie Layne McClellan ("plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On December 1, 2006, the Court issued an order directing plaintiff to effect service of process within one-hundred twenty days. (Doc. 8.) On January 8, 2007, the United States Postal Service returned the order undelivered with a notation that there was no one with that name at that address. (Doc. 9.) Subsequently, on March 13, 2007, the Postal Service returned another court order for the same reason. (Doc. 11.) Plaintiff has not filed a notice of change of address.

    Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

///

1  In the instant case, sixty days have passed since plaintiff's mail was returned and he has not notified
2  the court of a current address.
3      In determining whether to dismiss an action for lack of prosecution, the Court must consider
4  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need
5  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
6  disposition of cases on their merits; and (5) the availability of less drastic sanctions.  <u>Henderson v.</u>
7  <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).  The
8  Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest
9  in managing the docket weigh in favor of dismissal.  The Court cannot hold this case in abeyance
10 indefinitely based on plaintiff's failure to notify the court of his address.  The third factor, risk of
11 prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from
12 the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522,
13 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits --
14 is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's
15 inability to communicate with plaintiff based on plaintiff's failure to keep the Court apprised of his
16 current address, no lesser sanction is feasible.
17     Accordingly, this action is HEREBY DISMISSED, without prejudice, based on plaintiff's
18 failure to prosecute.
19
20 IT IS SO ORDERED.
21 **Dated:     March 15, 2007**            **/s/ Lawrence J. O'Neill**
   b9ed48                              UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28